**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                      No. 96-4432

MICHAEL ANTHONY MCDONALD,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
William L. Osteen, Sr., District Judge.
(CR-95-266)

Submitted: April 8, 1997

Decided: April 25, 1997

Before WIDENER and HAMILTON, Circuit Judges,
and PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

William E. Martin, Federal Public Defender, William S. Trivette,
Assistant Public Defender, Greensboro, North Carolina, for Appel-
lant. Walter C. Holton, Jr., United States Attorney, Paul A.
Weinman,
Assistant United States Attorney, Greensboro, North Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Michael McDonald appeals his conviction and sentence for conspiring to distribute crack cocaine, in violation of 21 U.S.C. § 846
(1994), distributing crack cocaine, in violation of 21 U.S.C. § 841(a)(1) (1994), and carrying and using a firearm during the commission of a felony, in violation of 21 U.S.C.A.§ 924(c)(1) (West Supp. 1996). We affirm.

In 1993, Special Agent Terry Johnson of the North Carolina State Bureau of Investigation and informant Dale Miller conducted an undercover operation in the Liberty Street Public Housing development. During this time, both Johnson and Miller bought crack from several drug dealers who said they received the drugs from McDonald. Eventually, Agent Johnson met with McDonald directly to buy crack cocaine. McDonald, suspecting that Agent Johnson was a police officer, gave the crack to an associate who then sold the crack to Agent Johnson and immediately gave the proceeds to McDonald. Following this sale, Agent Johnson made another buy from McDonald's half-brother who assured Agent Johnson that the crack came from McDonald.

Following the trial, McDonald moved for a new trial claiming juror misconduct. The district court denied the motion following a hearing
and denied the renewed motion at sentencing. On appeal, McDonald claims that the district court erred in denying his motion for new trial;
he also claims that there was insufficient evidence to sustain a conviction and that the district court erred in enhancing his sentence for
being a leader or organizer of a criminal activity involving five or
more participants under United States Sentencing Commission, Guidelines Manual, § 3B1.1 (Nov. 1995).

This court reviews a district court's determination on a motion for new trial for abuse of discretion. See City of Richmond v. Madison

2

<u>Management Group, Inc.</u>, 918 F.2d 438, 459 (4th Cir. 1992). A party moving for new trial because of juror misconduct bears the burden of demonstrating that a juror failed to answer a material question, and that a truthful response by the juror would have provided a valid basis to challenge for cause. <u>See McDonough Power Equip., Inc. v. Greenwood</u>, 464 U.S. 548, 556 (1984). McDonald fails to establish that the juror in question failed to answer a material question giving him a valid basis to challenge the juror for cause. McDonald does not show that the juror was incapable of making a fair and impartial decision simply because she had minimal contact with a defense witness a year and a half before trial and attended the same church as a prosecution witness. McDonald further claims that the district court erred in not summoning the juror to the motion hearing. A district court is not required to summon a juror to testify when the allegations of misconduct are unsubstantial. <u>See generally United States v. Easter</u>, 981 F.2d 1549, 1553 (10th Cir. 1992).

McDonald next claims that there was insufficient evidence to support his conviction. Evidence is sufficient to support a conviction so long as, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. <u>Glasser v. United States</u>, 315 U.S. 60, 80 (1942); <u>United States v. Brewer</u>, 1 F.3d 1430, 1437 (4th Cir. 1993). Viewing the evidence in the light most favorable to the Government, the testimony of the individuals "running sales" for McDonald, and the testimony of the undercover agents as to the drug transactions with McDonald, provided a sufficient basis to support McDonald's conviction of conspiring to distribute crack cocaine, distributing crack cocaine, and carrying and using a firearm in the commission of a drug trafficking crime. McDonald's arguments regarding the relative credibility of the Government's witnesses and his own alibi witnesses cannot serve as a basis for appellate relief as this Court will not review the jury's credibility determinations. <u>United States v. Saunders</u>, 886 F.2d 56, 60 (4th Cir. 1989).

Finally, McDonald claims that the district court erred in enhancing his sentence under USSG § 3B1.1 for being an organizer or leader. The determination that a defendant is an organizer or leader in an offense is essentially a factual question reviewable for clear error. <u>United States v. Harriott</u>, 976 F.2d 198, 202 (4th Cir. 1992). During

3

the sentencing hearing, the district court judge heard testimony from two individuals who "ran sales" for McDonald and attended a "cane party" thrown by McDonald to recruit runners and solidify loyalty. Following this testimony, the district court judge identified six individuals who "ran sales" for McDonald and enhanced his sentence. We find that the district court did not err in determining that McDonald had a leadership role in the conspiracy to distribute crack cocaine.

Accordingly, we affirm the judgment of the district court. We deny McDonald's motions to file a pro se supplemental brief, a supplemental reply brief, and several addendums to the supplemental brief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4